IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY GAMBLE, ) | |
| ) | |
|       Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-04-1658-W |
| ) | |
| EDWARD L. EVANS,[1] Interim Director, ) | |
| Oklahoma Department of Corrections, ) | |
| ) | |
|       Respondent. | |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[2] alleging due process violations with respect to a prison disciplinary proceeding. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consist with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss, arguing that Petitioner has not stated a claim upon which relief may be granted. Petitioner has filed a reply, and the matter is at issue. For the reasons set forth hereafter, it is recommended that the motion to dismiss be granted.

---

[1] Petitioner initially named Sam Calbone, Warden of Great Plains Correctional Facility, a private Oklahoma prison, as Respondent. However, pursuant to Rule 2(a), Rules Governing Section 2254 Cases, the proper respondent is the Director of the Oklahoma Department of Corrections (DOC). Ron Ward has resigned as Director of DOC and Edward L. Evans, the current Interim Director of DOC, and has been substituted as Respondent.

[2] Petitioner has filed this habeas action on a form petition pursuant to 28 U.S.C. § 2254. However, Petitioner is challenging the execution of his sentence rather than the validity of his conviction and sentence, and therefore his habeas petition is construed as one arising under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *see also Ramer v. Maxwell*, No. 00-5110, 2001 WL 55519, at *2 (10th Cir. Jan. 23, 2001) (holding that action alleging deprivation of earned credits is more properly brought under Section 2241) (This and all other unpublished opinions cited herein are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.).

Background

Petitioner is in the custody of the Oklahoma DOC and incarcerated at Great Plains Correctional Facility (GPCF) serving a life sentence for his conviction for first degree murder, imposed by the District Court of Canadian County, State of Oklahoma, Case No. CRF-91-476. Petition at 1.[3] On April 21, 2004, Petitioner received a misconduct report charging him with the offense of law violation: conspiracy to introduce contraband into a penal institution. Petition, Exhibit A. After a hearing held on April 29, 2004, Petitioner was found guilty of the offense. *Id.* As punishment, 365 days earned credits were revoked and 30 days of disciplinary segregation were imposed. *Id.* Petitioner appealed the decision of the disciplinary hearing officer to Melinda Guilfoyle, Designee for Director of DOC, and on April 29, 2004, Petitioner's appeal was denied and his conviction affirmed. *Id.*

As his sole ground for relief, Petitioner contends his due process rights were violated because there was insufficient evidence to support the misconduct conviction. Petition at 4. Petitioner seeks expungement of the disciplinary conviction from his prison records. Petitioner's Reply at 5.

Standard of Review

Federal statutory law does not address the standard for dismissal in habeas proceedings. Thus, Federal Rule of Civil Procedure 12(b)(6) governs. *See* Fed. R. Civ. P.

---

[3]Both Petitioner and Respondent identify Petitioner's sentence for first degree murder as a life sentence. Petitioner's sentence is verified by the information available on the DOC website. *See* http://docapp8.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=208196&offender_book_id=100500 (accessed July 27, 2005).

81(a)(2); *see also Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1290 (10th Cir. 2001) (recognizing the availability of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) in proceedings arising under 28 U.S.C. § 2241). Under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the Petitioner could prevail based on the facts alleged and the resolution of all reasonable inferences drawn in his favor. *See Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995); *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). For this purpose, dismissal is proper only if "it appears that the [petitioner] can prove no set of facts in support of the claims that would entitle [him] to relief." *Roman v. Cessna Aircraft Co.*, 55 F.3d at 543. In this case dismissal is necessary because, as more fully discussed below, Petitioner would not be entitled to habeas relief even if his allegations were true.

## Discussion

To be entitled to the protections of the Due Process Clause in a prison disciplinary proceeding, a prisoner must show that the resulting disciplinary action implicates a state-created liberty interest. However, "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Therefore, not every punitive measure taken against a prisoner invokes the guarantees of the Due Process Clause.

The Oklahoma courts have determined that Oklahoma state law creates a liberty interest in earned good time credits. *See* Okla. Stat. tit. 57, § 138(A); *see also Waldon v. Evans*, 861 P.2d 311, 313 (Okla. Crim. App. 1993 ) ("the State has created a liberty interest in earned credits"). Therefore, Oklahoma prisoners are generally entitled to

minimum due process protection before their credits are removed. *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996). Oklahoma law also provides, however, that "[n]o deductions [by application of earned credits] shall be credited to any inmate serving a sentence of life imprisonment . . . ." Okla. Stat. tit. 57, § 138(A).[4] In this case, Petitioner was not earning credits that would inevitably reduce the number of days he would serve on his sentence. The revocation of credits, to which Petitioner was never entitled in the first place, raises no due process concerns.

Interpreting a similar New Mexico statute that expressly foreclosed the granting of good time credits to inmates serving life sentences, the Tenth Circuit determined that an inmate serving a life sentence possessed no protected liberty interest in earned good time credits even though the State had commonly misapplied the law by awarding credits to such inmates. *See Stephens v. Thomas*, 19 F.3d 498, 501 (10th Cir. 1994). *In Mayberry v. Ward*, No. 01-6364, 2002 WL 1773313 (10th Cir. Aug. 2, 2002), the Tenth Circuit held that an Oklahoma inmate has a liberty interest in earned good time credits erroneously credited to his sentence. Therefore, in *Mayberry* the Circuit Court held that the DOC could not simply audit an inmate's credits and remove them without affording the inmate due process. However, the Court distinguished cases such as *Stephens*, where "in each case the inmates had no right to the credits in the first place." *Id.* at *3 (citation omitted). *See also Rowland v. Andrews*, No. 98-5028, 1998 WL 777390, at *1 (10th Cir. Nov. 4, 1998)

---

[4]The Oklahoma legislature made express this prohibition in 1976. *See* Okla. Stat. tit. 57, § 138 (Supp. 1976). Prior to 1976, the prohibition was implicit in the statute. *See* Okla. Stat. tit. 57, § 138 (Supp. 1973); *Collins v. State of Oklahoma*, No. 95-6099, 1995 WL 405112, at * 1 (10th Cir. July 10, 1995) (finding that nothing in the 1973 statute created a right to credits against a life term).

(Oklahoma prisoner convicted of murder and sentenced to life imprisonment who challenged a denial of credits on due process grounds failed to establish a constitutional violation because earned credit provision of Okla. Stat. tit. 57, § 138 did not apply to him).  Petitioner's argument that his due process rights were violated regardless of whether he was deprived of a cognizable liberty interest, is contrary to well-established principles of constitutional law.  *See Board of Regents v. Roth*, 408 U.S. 564, 569 (1972) (The requirements of procedural due process apply only to the deprivation of those interested encompassed by the Fourteenth Amendment's protection of liberty and property).[5]  The revocation of earned credits did not, in this case, entitle Petitioner to the protections of the Due Process Clause.  Under these circumstances, the undersigned recommends that the petition be dismissed.

## RECOMMENDATION

For these reasons, it is the recommendation of the undersigned Magistrate Judge that Respondent's motion to dismiss [Doc. No. 11] be granted.  Petitioner is advised of his right to object to this Report and Recommendation by the 17th day of August, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  The objections should be filed with the Clerk of this Court.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir.

---

[5] Petitioner's contention that the misconduct conviction resulting in the loss of earned credits will "adversely affect his possibility of parole eligibility," Petitioner's Reply at 1, does not change the undersigned's analysis because he has no liberty interest in parole.  *Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979).

5

1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 28th day of July, 2005.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE