IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TIMOTHY SCOTT GAMBLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-04-1658-W |
| | ) | |
| EDWARD L. EVANS,[1] Interim Director, | ) | |
| Oklahoma Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER

On July 28, 2005, United States Magistrate Judge Bana Roberts issued a Report and Recommendation in this matter and recommended that the Motion to Dismiss filed by respondent Edward L. Evans, Interim Director, Oklahoma Department of Corrections, be granted. Petitioner Timothy Scott Gamble was advised of his right to object, and he timely filed an Objection to the Report and Recommendation.

The Court has reviewed the record de novo and has carefully considered the arguments and the authorities advanced by Gamble, including the decision by the United States Court of Appeals for the Ninth Circuit in Burnsworth v. Gunderson, 179 F.3d 771 (9th Cir. 1999). In so doing, the Court concurs with Magistrate Judge Roberts' suggested disposition of this matter.

Gamble was convicted of the crime of murder in the first degree, and he was sentenced to life imprisonment by the District Court for Canadian County, Oklahoma. On April 21, 2004, Gamble was charged with the misconduct offense of conspiracy to

---

[1] As the Interim Director of the Oklahoma Department of Corrections, Edward L. Evans is the proper party respondent and has been substituted for named respondent Sam Calbone.

introduce contraband ("ice"/"crystal meth") into a penal institution. After a hearing, Gamble was found guilty of misconduct, and as punishment, certain earned credits were revoked and disciplinary segregation was imposed. Upon appeal, Gamble's misconduct conviction and punishment were affirmed.

In his Petition for a Writ of Habeas Corpus ("Petition"), which the Court has construed as one arising under title 28, section 2241 of the United States Code, Gamble has alleged that he has been denied his right to due process guaranteed by the fourteenth amendment to the United States Constitution because there was insufficient evidence to support the misconduct conviction. He has argued that the "bogus" misconduct conviction should be expunged from his prison records and the credits restored.

Evans has sought dismissal of the Petition on the grounds that Gamble is not entitled to federal habeas relief. He has argued that in Oklahoma, "[n]o deductions [by application of earned credits] shall be credited to any inmate serving a sentence of life imprisonment . . . ," 57 O.S. § 138(A), and thus, Gamble was not earning credits that would ultimately reduce the time he would serve on his sentence. As Magistrate Judge Roberts concluded, the revocation of earned credits to which Gamble was not entitled in the first instance raises no procedural due process concerns even if the allegations regarding the sufficiency of the evidence supporting the misconduct conviction are accepted as true for purposes of Rule 12(b)(6), F.R.Civ.P. E.g., Stephens v. Thomas, 19 F.3d 498 (10th Cir. 1994).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation issued on July 28, 2005;

(2) GRANTS Evans' Motion to Dismiss filed on February 1, 2005; and

(3) DISMISSES Gamble's Petition file-stamped December 6, 2004.

ENTERED this __18th__ day of August, 2005.

LEE R. WEST
UNITED STATES DISTRICT JUDGE